# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA CHRISTOPHER PARKER,<br><br>Plaintiff,<br><br>v.<br><br>UNISON AGREEMENT CORP., ODIN NEW HORIZON REAL ESTATE FUND LP, ODIN NEW HARIZON GENERAL PARTNER LLC,<br><br>Defendants. | Case No.: 25cv2903 DMS (MSB)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING REQUEST FOR COSTS AND FEES** |

Pending before the Court is pro se Plaintiff Joshua Parker's motion to remand and request for costs and fees. Defendants Unison Agreement Corp., Odin New Horizon Real Estate Fund LP, and Odin New Horizon General Partner LLC filed an opposition, and Plaintiff filed a reply. The parties also submitted supporting declarations and exhibits. The matter is fully briefed and submitted. For the reasons set forth below, the Court grants Plaintiff's motion to remand and denies his request for costs and fees.

On September 18, 2025, Plaintiff filed his Complaint against Defendants in San Diego County Superior Court alleging claims for quiet title and declaratory relief, among other claims, relating to a dispute over an option purchase agreement concerning real property located in San Diego County. On October 27, 2025, Defendants filed their notice

of removal based upon diversity jurisdiction pursuant to 28 U.S.C. § 1332. Defendants assert they are all "Delaware corporations and partnerships with their principal place of business in California[,]" (Notice of Removal ¶¶ 9-11), Plaintiff is a citizen of Texas, and the amount in controversy exceeds $75,000, thus complete diversity exists and removal is proper. (Opp'n at 8.) On November 7, 2025, Plaintiff filed the present motion to remand asserting several defects in Defendants' notice of removal, including that Defendants concede they are citizens of California so their removal is barred by the "forum defendant rule" under 28 U.S.C. § 1441(b)(2). The Court agrees.[1]

Section 1441(b)(2) provides that a civil action "otherwise removable solely on the basis of" diversity jurisdiction under § 1332 "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Defendants do not dispute that under § 1441(b)(2) a citizen of the forum state is generally barred from removing an action to federal court based on diversity jurisdiction once they have been properly joined and served. *See Lively v. Wild Oats Mkts., Inc.,* 456 F.3d 933, 939 (9th Cir. 2006) (stating "§ 1441(b) confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state.") Defendants also do not dispute that they were properly joined and served and they are citizens of California. However, they argue the forum defendant rule ought not to apply because "Plaintiff identifies no prejudice from federal adjudication" of the dispute. (Opp'n at 8.) But that argument shifts the burden of proof and is contrary to longstanding authority. Plaintiff need not demonstrate prejudice as the removal statute is "strictly construe[d] … against removal jurisdiction." *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. (1992) (stating the "'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (citation omitted).

---

[1] Because the Court grants Plaintiff's motion under § 1441(b)(2)'s forum defendant bar, it declines to address the balance of Plaintiff's arguments challenging removal. The parties also accuse each other of misrepresentation and challenge each other's recitation of facts. The Court need not address these disputes as the salient facts regarding citizenship are undisputed.

Defendants' only other argument against remand on this ground is that Plaintiff has waived the procedural bar to removal through his own affirmative conduct in federal court and should be "estopped from invoking the forum defendant rule." (Opp'n at 9.) Defendants note that Plaintiff, among other things, "propose[d] an amendment of the pleadings in federal court," served discovery requests, including a request for admissions and document demand, and served (but did not file) a request for default, all of "which amounts to an attempt to adjudicate the merits of Plaintiff's claims in federal court" and is "inconsistent with fundamental principles of fairness and constitute[s] a waiver of any right to remand." (*Id.* at 10-11.)

Plaintiff responds that he sought remand "at the first practical opportunity and did not engage in any litigation conduct inconsistent with remand." (Reply at 10.) He argues that "filing procedural motions seeking access, responding to defense filings, or attempting to protect rights while the remand request was pending is not a waiver." (*Id.*) He states he did not seek a decision from the Court on the merits. He further accuses Defendants of attempting to set him up by requesting certain things and using "these actions to build [their] waiver] argument." (*Id.* at 12.) Plaintiff represents he did not intend to engage the Court's jurisdiction to further the merits of his case but rather only engaged in "protective participation" pending a determination on his remand motion. The Court credits Plaintiff's explanation, particularly since he is proceeding pro se and promptly objected to removal.

In *Owens v. Gen. Dynamics Corp.,* 686 F.Supp. 827, 830 (S.D. Cal. 1988), the district court observed that the "type of post-removal conduct that has been held to constitute waiver of the right to remand is 'affirmative conduct or unequivocal assent of a sort which would render it offensive to fundamental principles of fairness to remand[.]'" (Citations omitted). In addition, where waiver is found, courts emphasize the plaintiff's conduct *before* seeking remand, none of which occurred here. *See, e.g., Meadows v. Bicrodyne Corp.,* 785 F.2d 670, 672 (9th Cir. 1986) (stating "the district court did not abuse its discretion in refusing to remand[,]" where the plaintiffs "repeatedly [appeared] before the court before" moving to remand); *Johnson v. Helmerich & Payne, Inc.,* 892 F.2d 422,

423 (5th Cir. 1990) (finding plaintiffs waived their right to remand by propounding interrogatories and requesting documents before moving to remand).  Here, Plaintiff promptly objected to removal of the action, filing his motion to remand less than two weeks after Defendants filed their notice of removal.  Plaintiff has vigorously pursued that relief and any conduct on his part that arguably engaged the Court and waived rights under § 1442(b)(2) appears inadvertent and unwitting.  Thus, the Court declines to find Plaintiff engaged in "affirmative conduct or unequivocal assent of a sort which would render it offensive to fundamental principles of fairness to remand." *Owens,* 686 F.Supp. at 830.

So, too, the Court declines to award costs or fees under § 1447(c).  Plaintiff has not incurred attorneys fees as he is representing himself and the Court elects not to award costs under the circumstances.  The Clerk of Court shall enter judgment accordingly, and remand this case to the San Diego Superior Court.

**SO ORDERED**.

Dated: January 5, 2026

Hon. Dana M. Sabraw
United States District Judge